## Commonwealth v. Kmit

*J. Wilmer Martin*, assistant district attorney, for Commonwealth.

*Richard P. Steward*, for defendant.

McCREARY, P. J., October 17, 1951.—On May 18, 1951, the court allowed defendant an appeal from a summary conviction before Zenobia Jurkowski on a charge of reckless driving. The information on which the conviction was based read in part as follows:

"That at Ambridge, in the County of Beaver, Pennsylvania, on the 20th day of April 1951, the defendant aforesaid did then and there on Merchant St., a public highway, in the Borough of Ambridge, Beaver County, Penna., did operate a motor vehicle, bearing 1951 Reg. Plates bearing Plate Number 25A17, recklessly, carelessly, wilfully and wantonly in disregard to the safety of the lives and property of others."

When on October 10, 1951, defendant appeared before the court of quarter sessions of this county, his attorney made a motion, before any testimony was taken, asking the court to release defendant from his recognizance and to discharge him without day on the grounds: (1) That the information is not sufficient in that it does not advise defendant of the particulars in which he operated his car "recklessly, carelessly, wilfully and wantonly in disregard to the safety of the lives and property of others", and (2) defendant is only

17 years of age and hence not subject to the jurisdiction of the magistrate, or of this court on appeal.

The first ground is without merit as has previously been decided by this court in an opinion by Judge Sohn in the case of Commonwealth v. Stroeter, 63 D. & C. 262. The exact question was raised in that case on a motion to quash and was decided adversely to the contention of defendant.

The second ground is equally untenable. The Juvenile Court Law of June 2, 1933, P. L. 1433, as amended by the Act of June 15, 1939, P. L. 394 (11 PS §256), specifically provides that:

"If, during the pendency of a criminal charge, other than murder, against any person in the court of quarter sessions or oyer and terminer, it shall be ascertained that the person charged with the offense was under the age of sixteen years at the time the alleged offense was committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court. *If such child is sixteen years of age or over and less than eighteen years of age, such court may, at its discretion, transfer such cases to the juvenile court in the same manner.*" (Italics supplied.)

If the question had been raised before the justice of the peace, it is the considered judgment of this court that she should have turned the case over to the juvenile court for disposition. Defendant having taken the chance of victory before the justice of the peace and lost, we now, on appeal, exercise the discretion vested in us by the Juvenile Court Law, as amended, and retain jurisdiction in the quarter sessions court, particularly in view of the fact that the judge of the juvenile court is the judge of the quarter sessions court. We do not choose to hear the case on its merits twice.

Considering the case on its merits, we are satisfied beyond a reasonable doubt of the guilt of the accused.

Four witnesses for the Commonwealth, Mrs. Leonora Himme, Mrs. Mary Selway, Mrs. Margaret Bodner and Mrs. Orthalik had attended a card party at St. Veronica's Church in Ambridge on the evening of April 20, 1951. Mrs. Himme had agreed to take the other three ladies to their homes after the party and all went to the place where Mrs. Himme's car was parked on Merchant Street, at about 11:45 p.m. Two witnesses, including Mrs. Himme, the driver, looked to the rear before turning the car away from its parked position into the traffic lane for south-bound traffic and there was nothing in sight. After Mrs. Himme had committed her car to the south-bound traffic lane, defendant came up from the rear and hit the Himme car on its left side, doing considerable damage thereto, and then hit another car coming from the opposite direction, namely from the south. All of these witnesses agree that when hit, the Himme car was so far out into the southbound traffic lane of Merchant Street that the front wheels were practically abreast of the front wheels of another car which had been parked directly in front of the Himme car.

Defendant and his boy-friend witness deny that the facts are as testified by these four women. They say that Mrs. Himme pulled out of a parking position into the southbound lane of traffic without giving any warning of her intention to do so, and that defendant hit the left side of her car at a point between the door on the left side and the bumper; that defendant put on his brakes when he saw the movements of Mrs. Himme's car but was unable to avoid the collision with her car or with the car approaching from the opposite direction.

The case depends entirely on the credibility of the witnesses. We saw all of them on the witness stand and choose to rely on the credibility of the four middle-aged women who were on their way home from a church

card party, rather than on the credibility of the 17-year-old boy and his pal, who had been standing near by on the sidewalk.

With his headlights in proper working order defendant must have seen the Himme car committed to the southbound traffic lane in time to have put his car under control. His failure to have it under control on a street where there is available space for only one lane of traffic going south and one going north was more than mere negligence; it was reckless driving under the circumstances.

Wherefore we make the following

### Order

Now, October 17, 1951, at 1:30 p.m. (E. S. T.), defendant's motion to be released from his recognizance and to be discharged without day is dismissed, his appeal is dismissed, he is adjudged guilty of reckless driving, and he is sentenced to pay the costs of prosecution and a fine of $10.